### RAYBUCK v. RAYBUCK

Ohio Appeals, 9th Dist., Wayne Co.

No. 823.  Decided April 29, 1927

**85. APPEALS—Divorce—Where in an action for divorce, for a cause arising after the marriage, although defendant by cross petition asks for divorce for fraudulent contract, the court found against defendant and granted the divorce, and the defendant filed an appeal bond, but plaintiff did not prosecute error, the case was not appealable, although the cross petition stated a cause in chancery for annulment.**

First Publication of this Opinion

WASHBURN, P. J.

In the Wayne Common Pleas, Alta B. Raybuck brought an action in divorce against her husband Harry Raybuck, who filed an answer and cross-petition praying for divorce.

Upon trial, the court found that allegations of the answer and cross-petition were untrue and that Alta Raybuck was entitled to a divorce, which was granted, and she was decreed the custody of the child and was awarded alimony, payable weekly.

A motion for a new trial was filed and over-ruled, and in due time Harry Raybuck brought the case into this court by appeal. A motion to dismiss the appeal, on the ground that the case was not appealable, was submitted. The Court of Appeals held:

1. It must be conceded that an action in divorce is not appealable. However, it is claimed in the present case that the cross-petition of Raybuck set forth a cause of action for annulment of the marriage contract, and that annulment, being a chancery action, is appealable.

2. It is true that notwithstanding the statutes in reference to divorce, in reference to divorce, a court of chancery, in the exercise of its ordinary powers, will entertain jurisdiction to declare a purported marriage contract to be a nullity where there was mental or physical incapacity, fraud, force, non-age, a former spouse living, or other fundamental impediment to the union.

3. A decree of nullity in a chancery action is founded on the theory that there never was a marriage contract, while a statutory decree of divorce concedes that a valid marriage did exist but dissolves it.

4. In the cross-petition in the instant case, Raybuck said that his present wife had represented to him that he was the father of her unborn child and that while he had sexual intercourse with her, the child which was born after the marriage was not his child.

5. Raybuck did not ask to have the marriage relation annulled, nor did he make any claim in the court below for any relief except under the statute for divorce, and the claim that his cross-petition stated a chancery cause of action for an annulment, was not made after the motion to dismiss for appeal was filed.

6. Under such circumstances we hold that in determining the appealability of the action, the petition and cross-petition should be considered together and in connection with the acts of the parties in submitting the case, and when so considered, the cross-petition in this constituted statutory action for divorce and not a chancery action for annulment.

7. The conclusion we have reached in this case is not in conflict with Kiriskie v. Fountes, 109 OS. 555. The facts and circumstances and questions decided in that case are unlike the case at bar.

Motion to dismiss granted.

(Funk, J., and Pardee, J., concur.)

Attorneys—Walter J. Mougey for Harry Raybuck; C. L. Dally for Alta Raybuck; both of Wooster.